IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| In re:<br><br>CRYSTAL A. COMBS,<br><br>Debtor. | Case No. 15-12946-WIL<br>Chapter 7 |
|---|---|

**UNITED STATES TRUSTEE'S OBJECTION
TO DEBTOR'S MOTION DEBTOR'S MOTION
FOR AN ORDER (I) AUTHORIZING DEBTOR TO MAINTAIN AND
USE EXISTING BANK ACCOUNTS AND BUSINESS FORMS
AND (II) AUTHORIZING THE DEBTOR TO MAINTAIN AND USE
<u>EXISTING MANAGEMENT SYSTEM</u>**

Judy A. Robbins, the United States Trustee for Region 4 ("United States Trustee"), by counsel, objects to the Debtor's Motion for an Order (i) Authorizing Debtor to Maintain and Use Existing Bank Accounts and Business Forms and (ii) Authorizing the Debtor to Maintain and Use Existing Management System ("Motion"), and in support thereof states as follows:

1. On March 3, 2015, Crystal A. Combs ("Debtor") filed a voluntary petition for bankruptcy relief under the reorganization provisions of Chapter 11 of Title 11 of the United States Code. The Debtor has remained in possession of the estate's assets since commencement of this case. No unsecured creditors' committee has been appointed.

2. This is the Debtor's second bankruptcy case. On April 23, 2013, the Debtor filed a voluntary petition for bankruptcy relief under Chapter 13 of the Bankruptcy Code ("Chapter 13 Case"). *See* Case No.: 13-16996-WIL. The Chapter 13 case was dismissed on December 16, because the Debtor was unable to confirm a Chapter 13 plan. *See* Dkt. 201, which is the Order Denying Confirmation of Chapter 13 Plan Without Leave to Amend.

3. Despite being unable to confirm a Chapter 13 plan, the Debtor filed the instant

1

case only two months after the dismissal of the Chapter 13 case.

4. By way of this Motion, the Debtor seeks to retain six pre-petition bank accounts that are not specifically identified in the Motion or in Schedule B. In fact, neither the Motion nor Schedule B identify in which bank each account is located.

5. The Motion should be denied because the Debtor has failed to satisfy her burden to establish why she should not have to comply with Section 345 of the Bankruptcy Code. The Debtor has not demonstrated why the existing bank arrangements must be maintained. The Debtor simply states that she should be able to maintain her pre-petition bank accounts because this is not a complex bankruptcy case and there is simply no need to close the bank accounts and create new ones.

6. Section 345, however, applies to all cases alike – complex and simple, big and small. The fact that the Debtor perceives her case as not complex is irrelevant to her duty to comply with Section 345.

7. The Debtor's first bank account listed in her Motion is an account into which Housing Authority of Prince George's County automatically deposits rental checks. The Debtor states, without support, that it is in the best interest of the estate to maintain that account. The Debtor, however, fails to explain why she cannot notify the Housing Authority of Prince George's County of a new debtor-in-possession account into which to deposit the rental checks. In fact, the Housing Authority of Prince George's County informed the United States Trustee that the Debtor may change the account into which it deposits rental check by sending to it a completed Section 8 Landlord—HAP Direct Deposit Authorization Form, which is attached as Exhibit 1, and a letter request. There is no need for the Debtor to maintain this pre-petition bank account to continue to receive rental payments from the Housing Authority of Prince George's

County.

8. The second bank account that the Debtor seeks to retain is an account in which her employer, which is the Department of Homeland Security, automatically deposits her paychecks. All employees of the Federal Government have access to the Employee Personal Page. The Debtor is able to notify the Federal Government of a change in the account into which she wants her checks deposited by changing the bank account information on the Employee Personal Page. There is no need for the Debtor to maintain this pre-petition bank account to continue to receive her pay checks from the Department of Homeland Security.

9. The Debtor uses the third bank account to deposit reimbursements from foster parenting. The Debtor does not state whether those reimbursements are directly deposited into this account. If there is direct deposit, the Debtor should notify the foster care program of the change in accounts. There is no need for the Debtor to maintain this pre-petition bank account.

10. The Debtor maintains a fourth account at a credit union in North Carolina so that she can have access to cash when she travels. Since filing this motion, the Debtor has been instructed that she should no longer use cash because the United States Trustee needs to verify her expenses. In addition, the Debtor has informed the United States Trustee that there is a very small balance in that account and she uses it infrequently. The United States Trustee cannot determine why it would be in the best interests of the estate to leave open this pre-petition bank account.

11. The fifth pre-petition bank account that the Debtor would like to continue to use is another credit union account that she claims is used "as an escrow account for designated payments when required." The Debtor has not explained why she needs to escrow certain payments. Because the Debtor can set up as many debtor-in-possession accounts with an

3

authorized depository as she deems necessary, she can set up a separate account for these escrow payments when and if necessary. There is no benefit to the estate to maintain this bank account.

12. Lastly, the Debtor seeks to maintain another credit union account for which she again states will be used for "designated payments when required." The Debtor does not explain why she needs two accounts for these ambiguous designated payments. Again, if a second account is required, the Debtor can create another debtor-in-possession account.

WHEREFORE, for the foregoing reasons, the United States Trustee requests that this Court deny the Debtor's Motion for an Order (i) Authorizing Debtor to Maintain and Use Existing Bank Accounts and Business Forms and (ii) Authorizing the Debtor to Maintain and Use Existing Management System, and for such other and further relief as this Courts deems necessary and appropriate.

**JUDY A. ROBBINS**
United States Trustee for Region 4

Dated: 3/25/15

*/s/ Lynn A. Kohen*
Lynn A. Kohen
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
301-344-6216
Fax: 301-344-8431
Email: lynn.a.kohen@usdoj.gov

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 25th day of March, 2015, a copy of the United States Trustee's Objection to Debtor's Motion for an Order Authorizing Continuation of Debtor's Existing Cash Management System and use of Existing Bank Accounts and Business Forms was mailed by first-class mail, postage prepaid, to Crystal Combs, P.O. Box 6872, Upper Marlboro, MD 20792.

                                    */s/ Lynn A. Kohen*
                                    Lynn A. Kohen